# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RON A. SPRAGUE, as Executor of the Estate of CHESTER W. SPRAGUE | : : : : | CIVIL ACTION |
| v. | : : | NO. 08-1970 |
| S.N.A., INC. | : | |

**MEMORANDUM**

**NORMA L. SHAPIRO, S.J.**                              **MAY 17, 2011**

On April 28, 2011, this court denied defendant's motion for a protective order but gave defendant the opportunity to submit documents to which it objected to the court for *ex parte* review and redaction. That order is attached as Exhibit A. In accordance with Local Appellate Rule 3.1, this memorandum provides the reasons upon which the court's decision was based.

This action was filed on April 25, 2008 to seek enforcement of a foreign money judgment entered by the Superior Court of Justice of Ontario, Canada, in favor of plaintiff, Ron A. Sprague ("Sprague"), as Executor of the Estate of Chester W. Sprague, and against defendant S.N.A., Inc. ("SNA"), for the total sum of C$670,676.20, plus interest, in an action captioned Sprague v. Adams, et al., Court File No. 00-CV-12512 (the "Canadian Action"). The judgment was based on a negligence suit arising from injuries sustained in Ontario, Canada as a result of an accident involving a Seawind aircraft constructed with an aircraft kit sold by SNA. SNA did not comply with discovery obligations in the Canadian Action and SNA was noted in default pursuant to

1

Canadian law. The Ontario Superior Court of Justice entered judgment against SNA on May 19, 2006.

SNA filed an answer and affirmative defenses to Sprague's complaint on September 2, 2008. SNA's general defenses are that it was never served with process and that its Canadian counsel exceeded the scope of his authority. The court imposed a discovery schedule in an Order dated December 9, 2008. Both parties filed extensive motions related to discovery disputes. *See* Docket Nos. 22, 27, 34, 36, 37, 50, 52. Throughout discovery, SNA consistently failed to meet deadlines and comply with orders; for example, SNA continually failed to include a certification pursuant to Local Rule 26.1(f) that it had made reasonable efforts to resolve the dispute with opposing counsel before filing a motion. SNA was given several extensions to allow it to comply with court-imposed deadlines for filing pretrial memoranda and responses to motions. The court allowed SNA additional time to respond to plaintiff's motion for summary judgment, filed June 12, 2009; despite the extension, SNA failed to meet the deadline. The action was placed in suspense on September 25, 2009 because SNA filed a suggestion of bankruptcy.

Upon resolution of the bankruptcy proceedings, the court held a status conference on March 22, 2011. Counsel for both parties were present. Plaintiff requested additional discovery related to the disposition of SNA's assets. Defendant represented that documents pertaining to the bankruptcy proceeding would be made available to plaintiff and did not object to plaintiff taking the deposition of SNA's successor in interest, Richard Silva. The court issued an order dated March 24, 2011, giving plaintiff leave to take the deposition of Richard Silva and conduct further discovery by April 21, 2011. The order also gave defendant another extension for responding to the pending motion for summary judgment, until April 21, 2011.

On April 20, SNA filed a "motion to extend the expert deadline." In essence, this motion sought another extension of time to respond to the motion for summary judgment. The court denied this motion in an order dated April 21. The order stated that SNA could respond to the motion for summary judgment by May 6 and that no further extensions would be granted. To date, SNA has not filed a response to the motion for summary judgment.

SNA then filed a motion for a protective order on April 22. The motion sought two forms of relief: 1) that Richard Silva be deposed near his home in Kimberton, Pennsylvania, rather than at the offices of plaintiff's counsel in Philadelphia; and 2) that plaintiff's document request be disallowed as overbroad and unduly burdensome. The motion asserted that plaintiff had made a document request for a list of 44 items/categories. It is unclear from the motion exactly which items SNA objected to producing. SNA mentioned the following in its motion: (1) requests addressed to companies other than SNA; (2) requests "in areas which are surely of no legitimate inquiry," such as number 44, "drawings and submissions to any government of the certified aircraft files/drawings," as proprietary, not relevant to SNA, and physically located in Canada; (3) personal tax returns of Richard Silva; (4) "documents identifying shareholders, employees, etc of SNA" as broad and vague; and (5) "press releases" with regard to certification of the Seawind aircraft in Canada. In addition, the motion asserted that the deposition of Richard Silva, the corporate designee, should take place at his business location.

The motion did not contain a certification of good faith as required by Federal Rule of

Civil Procedure 26(c)(1)[1] or a certification under Local Rule 26.1(f).[2] For this reason alone, the court had a basis to deny the motion. In addition, plaintiff's response in opposition to the motion asserts that defense counsel never identified document requests to which she objected despite multiple requests by plaintiff. It is clear that defendant did not attempt to confer with plaintiff regarding the document requests. Because no reasonable effort was made to resolve the dispute before filing this motion, consistent with SNA's repeated failures to make such efforts, the court denied the motion.

Regarding discovery requests that pertain to companies other than SNA, the court has already ruled that documents concerning the disposition of assets at the time of the Canadian action are relevant and discoverable. *See* Order of April 14, 2009 at section C. SNA's successor is liable for the default judgment against SNA if certain circumstances are met. *See Simmers v. American Cyanamid Corp.*, 576 A.2d 376, 386 (Pa. Super. Ct. 1990) (liability attaches to a successor when, *inter alia*, purchasing corporation is merely a continuation of selling corporation; transaction amounts to consolidation or merger; successor undertakes same manufacturing operation of transferor's product lines). Assuming that one of these circumstances is met, document requests pertaining to potential successors of SNA are extremely relevant. SNA may assert that it does not have these documents if it has no relationship with

---

[1] "The motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

[2] "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Local Rule 26.1(f).

these other companies; it may offer such an explanation in its responses to these requests.

The court determined that rather than grant a protective order, it would allow SNA to submit any documents to which it objected to the court for *ex parte* review. *See* Order of April 28, 2011. The court could then examine the documents and determine which, if any, were irrelevant, privileged, or proprietary, and then redact or exclude those documents before sharing them with Sprague. This review process would not prejudice SNA and would ensure that Sprague had access to all relevant documents.

Finally, with regard to the location for Mr. Silva's deposition, the court determined that the law office of plaintiff's counsel in Philadelphia was an appropriate location. This location is within the Eastern District of Pennsylvania, less than two miles from this courthouse and less than one mile from defense counsel's office. Richard Silva appeared in this courthouse for the conference on March 22, 2011. Defense counsel did not then claim that it was a hardship for Mr. Silva to appear in Philadelphia and does not now assert that it would be a hardship. Defendant argued that documents responsive to the discovery request are also located near Mr. Silva in Kimberton; but because plaintiff has requested these documents prior to the deposition, there will not a burden on Mr. Silva to transport documents. In general, the party seeking discovery may set the location where the deposition will take place. *Philadelphia Indemnity Ins. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003). Defendant has not provided a compelling reason to designate a different location.

The motion for a protective order was denied for the above reasons.

                                                   /s/ Norma L. Shapiro

                                                                                                     J.