IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RON A. SPRAGUE, as Executor of the Estate of CHESTER W. SPRAGUE | : : : : | CIVIL ACTION |
| v. | : : | NO. 08-1970 |
| S.N.A., INC. | : | |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                  **MAY 17, 2011**

Defendant filed a notice of appeal on May 2, 2011. It then filed a petition on May 6, 2011 to stay the court's April 28, 2011 order and discovery deadlines pending appeal. Generally, the filing of a notice of appeal divests a district court of authority over those aspects of the case on appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) (per curiam). However, in certain circumstances, the district court may continue to assert jurisdiction. One such circumstance is where the notice relates to a non-appealable order or judgment. *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir.1989); *Venen v. Sweet*, 758 F.2d 117, 120-22 (3d Cir.1985). Another is where a notice qualifying as a "collateral order," and therefore immediately appealable, is determined by the district court to be frivolous. *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980); *see also* Allan Ides, *The Authority of a Federal District Court to Proceed After Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 312-13 (1992). The notice of appeal filed by defendant here is both non-appealable and frivolous and this court may retain jurisdiction over the proceedings. Therefore the petition to stay will be denied.

1

A district court must support its conclusion that a notice of appeal is frivolous with written findings in order to maintain jurisdiction. *Leppo*, 634 F.2d at 105. The findings of the court in its memorandum dated May 17, 2011 give support for its conclusion here. In denying the defendant S.N.A. Inc. ("SNA") motion for a protective order, the court explained that there were several reasons for its denial, including a failure to certify that SNA had made reasonable efforts to resolve the dispute. According to exhibits submitted by plaintiff, Ron A. Sprague ("Sprague"), in the form of an email history, plaintiff clearly offered to consider any objections SNA might have to its document request.[1] In its response to the motion for protective order, Sprague asserted that defense counsel did not disclose her objections at any time prior to the filing of the motion. The motion for protective order was filed prematurely and its timing, as well as the filing of a notice of appeal upon its denial, suggests that defense counsel is engaging in delay tactics rather than complying with court orders.

SNA's motion for a protective order was filed April 22, 2011. Mr. Richard Silva, SNA's successor in interest, was scheduled for a deposition on April 26. A response to the motion for summary judgment was due May 6. SNA now argues that all these deadlines should be put on hold until an appeal of a pretrial discovery order is decided. This action has already gone on too long and the court finds it is unacceptable that a motion for summary judgment, filed by plaintiff on June 12, 2009, remains unanswered by defendant.

It is also likely that the notice relates to a non-appealable order. SNA appeals the court's

---

[1] In an email dated April 20, 2011, James Robinson, counsel for plaintiff, wrote to Terry Silva, counsel for defendant: "I see now that you are planning to object to our requests. I cannot agree in a vacuum to pare down anything. Please tell me which documents you object to producing, and provide me with the basis for your objection. I will review it and respond." Plaintiff's Memorandum of Law, paper no. 78 at Exhibit F.

denial of a motion for protective order relating to discovery; specifically, a document request and deposition location. The Third Circuit has only recognized two areas where discovery orders are appealable under the collateral order doctrine: trade secrets and "traditionally recognized privileges, such as attorney client and work product." *Pearson v. Miller*, 211 F.3d 57, 65 n.6 (3d Cir. 2000). The Supreme Court recently overruled one of these exceptions by holding that disclosure orders adverse to the attorney-client privilege do not qualify for immediate appeal. *Mohawk Industries v. Carpenter*, 130 S.Ct. 599, 604 (2009). It is unclear whether the exception for trade secrets remains intact. Nevertheless, SNA has never asserted that the document request at issue would reveal trade secrets. The motion for a protective order vaguely referred to certain documents as proprietary[2] but based the motion on its argument that the document request was "overly broad, oppressive and unduly burdensome." SNA's motion for a stay argues that "confidential proprietary information" will be revealed if this action proceeds but still makes no mention of trade secrets.[3] SNA has not asserted any basis for the court to believe that any trade secrets are at issue here. Further, the court specifically allowed defendant to submit any documents to which it objected to the court for review *ex parte* before producing them to plaintiff. *See* Order of April 28, 2011. This would have given the court the opportunity to redact any trade secrets however unlikely their existence.

      The petition for a stay will be denied because of the frivolous nature of the notice of appeal

---

[2]SNA refers to paragraph 44 of the document request: "All documents submitted to the regulatory authority in Canada or the United States with regard to the certification or efforts to obtain certification of the Seawind aircraft." Defendant's motion for protective order, paper no. 77, at Exhibit 1 p. 6.

[3]The fact that SNA changes its argument in various filings provides additional support for the finding that this notice of appeal is frivolous.

from a non-appealable order. This case will proceed according to the pretrial schedule despite the notice of appeal. The Court of Appeals for the Third Circuit maintains exclusive authority to decide the merits of the appeal and the discretion to stay further trial proceedings pending its decision. Until the Court of Appeals rules otherwise, however, the parties must follow this court's schedule.